IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00521-BNB

RICHARD JOE CARRILLO,

    Plaintiff,

v.

UNITED STATES SENTENCING COMMISION [sic], Washington, D.C.,
DISTRICT COURT LA JUNTA, CO,
DISTRICT COURT OTERO COUNTY COURTROOM B,
JUDGE SCHIFEREL,
COLORADO STATE DISTRICT ATTORNEY [sic] OFFICE,
16TH JUDICIAL DISTRICT,
GARY STORK,
RODNEY FOURACRES & STAFF,
COLORADO STATE BOARD OF PAROLE,
ALLEN STANLEY & COMPLETE STAFF 1-12,
COLORAD [sic] DEPARTMENT OF PAROLE AND COMMUNITY CORRECTION DIRECTOR JEANNE MILLER,
COLORADO DEPT. OF CORRECTIONS,
NOLAN RENFRO,
GOVERNOR BILL RITTER,
PEOPLE OF THE STATE OF COLORADO,
COLORADO ATTORNEY GENERAL JOHN SUTHERS,
UNITED STATES DEPARTMENT OF JUSTICE,
U.S. ATTORNEY GENERAL ALBERTO GONZALES,
COLORADO OFFICE OF THE STATE PUBLIC DEFENDER,
MR. WILSON & STAFF 1-500,
COLORADO DEPARTMENT OF CORRECTIONS TIME COMPUTATION,
DONNA THURLOW,
CHRISTINE MOSCHETTI & OTHER DESIGNEES,
STERLING CORRECTIONAL FACILITY,
WARDEN GOLDER,
JOE ORTIZ, Colorado Department of Corrections Hearing Officer,
    Sterling Correctional Facility,
MRS. LA PORTE, Colorado Department of Corrections Hearing Officer,
    Sterling Correctional Facility,
MR. TIDWELL, Colorado Department of Corrections Hearing Officer, Sterling
    Correctional Facility,
MR. COLE, Colorado Department of Corrections Hearing Officer, Sterling Correctional
    Facility,

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 20 2007

GREGORY C. LANGHAM
CLERK

LOGAN COUNTY DISTRICT ATTORNEY OFFICE, and
D.A. MARK ADAMS, Sterling Colorado,

    Defendants.

## ORDER FOR AMENDED COMPLAINT

Plaintiff, Richard Joe Carrillo, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who was incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado, when he attempted to initiate this action. He has since informed the Court that he is incarcerated at the Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado. He filed *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. He also has filed a Prisoner Complaint pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986. He has been granted leave to proceed *in forma pauperis* pursuant to § 1915 without payment of an initial partial filing fee.

The Court must construe the complaint liberally because Mr. Carrillo is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Carrillo will be ordered to file an amended complaint.

The Court has reviewed Mr. Carrillo's complaint and finds that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may

respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Carrillo's complaint fails to comply with Fed. R. Civ. P. 8(a)(1) because it fails to assert which claims are asserted pursuant to which statute. The complaint also fails to set forth a short and plain statement of Mr. Carrillo's claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Instead, the complaint is prolix and confusing. It contains a hodgepodge of allegations against Mr. Carrillo's allegedly illegal sentence, against parole, against mandatory parole, against the DOC's failure to credit him with earned-time and good-time credits, and against deducting funds from his inmate trust fund account to pay for his medical bill. Mr. Carrillo also contends that he

is the victim of a serious assault apparently by another inmate. On the basis of these assertions, he claims that his constitutional rights have been violated.

Rather than summarizing each claim succinctly, Mr. Carrillo apparently expects the Court to speculate who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Carrillo's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. Carrillo must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

Mr. Carrillo also must assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Carrillo must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

4

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Carrillo should be given an opportunity to file an amended complaint. He will be directed to do so below.

Finally, Mr. Carrillo is advised that he must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Carrillo should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Carrillo file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Carrillo, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Carrillo submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Carrillo fails to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED April 20, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  07-cv-00521-BNB

Richard Joe Carrillo
Prisoner No. 67367
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 4/20/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk